UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS C. GEORGALIS, | ) | Case No.: 1:18 CV 256 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| FACEBOOK, INC., | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant | ) | AND ORDER |

## I. INTRODUCTION

Currently pending before the court are motions by both parties. The first is the motion of Defendant Facebook, Inc. ("Defendant" or "Facebook") to dismiss (Mot. Dismiss, ECF No. 4) the complaint of Plaintiff Nicholas Georgalis ("Plaintiff" or "Georgalis") (Compl., ECF No. 1). Plaintiff opposed the motion and moved for final judgment (Opp'n Mot. Dismiss/Mot. Final Judgment, ECF No. 8). Defendant filed a reply in support of the motion to dismiss, (Reply Mot. Dismiss, ECF No. 9), and Plaintiff filed a sur-reply (Sur-reply Mot. Dismiss, ECF No. 10). Defendant opposed Plaintiff's Motion for Final Judgment (Opp'n Mot. Final Judgment, ECF No. 11).

In addition, Plaintiff filed a motion for leave to amend the complaint, and a motion for leave to further amend the complaint (Mots. Leave to Amend, ECF Nos. 12 and 13, respectively). Defendant filed a combined opposition to Plaintiff's motions for leave to amend (Opp'n Mots.

Leave to Amend, ECF No. 14).

For the reasons that follow, Defendant's Motion to Dismiss is granted. Plaintiff's Motions for Leave to Amend and for Final Judgment are denied.

## II. BACKGROUND

Plaintiff commenced this action on February 1, 2018, alleging that he is a Facebook user and Defendant is an Interactive Computer Service Provider ("ICSP") (Compl. at 3.) According to the Complaint, Defendant allegedly deleted comments posted by Plaintiff on Facebook and his "likes" of other's Facebook posts and, therefore, is liable for abrogating his rights to free speech and other "inalienable right[s]" in violation of the First and Fifth Amendments to the United States Constitution (*id*. at 1-2). Plaintiff also claims that 47 U.S.C.§ 230(c)(2)(A), which shields ICSPs from liability for restricting material that the ICSP considers to be, among other things, obscene, excessively violent, harassing, or otherwise objectionable (whether or not such material is constitutionally protected), is unconstitutional (*id*. at 2). Plaintiff characterizes his suit as undertaken "in a court of law and not a court of equity" and proclaims himself a "sovereign precursor" and the "prosecutor/plaintiff" in this action (*id*.). Plaintiff also describes this action as a criminal matter (*see* Opp'n Mot. Dismiss at 1-2, 8). Plaintiff claims that Defendant is a publicly held corporation doing business in every state in the United States and, therefore, is subject to the jurisdiction of this court (Compl. at 2). In his prayer for relief, Plaintiff seeks (among other remedies) $1 billion in punitive damages, a declaration that 47 U.S.C. § 230(c)(2)(A) is unconstitutional, and an order that Defendant cease and desist its restriction on speech and restore all deleted comments (*id*. at 22-23 ).

Defendant's motion to dismiss is brought pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Plaintiff's motions to amend the Complaint are brought pursuant to Federal Rule of Civil Procedure 15.

## III. LAW AND ANALYSIS

### A. Federal Rule of Civil Procedure 12(b)(2)

Rule 12(b)(2) provides that a defendant may seek dismissal if the court lacks personal jurisdiction over that defendant. Plaintiff bears the burden of establishing the court's personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936) (further citation omitted)). The court has the discretion to decide the motion on the materials submitted, permit discovery in order to aid in deciding the motion, and/or to conduct an evidentiary hearing. *Id.* (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Neither party has requested discovery and the court concludes that a hearing is not necessary in order to rule on Defendant's motion. In so proceeding, the court must construe the pleadings in a light most favorable to Plaintiff. *Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F. Supp. 2d 531, 537–38 (S.D. Ohio 2012) (citing *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996)). Dismissal in this procedural posture is proper if all of the specific facts alleged by Plaintiff collectively fail to state a *prima facie* case for jurisdiction. *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08 CV 977, 2009 WL 385611, at *5 (N.D. Ohio Feb. 13, 2009) (quoting *CompuServe, Inc.,* 89 F.3d at 1262). Pleadings and documents filed by pro se litigants are "liberally construed" by the Court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Whether a federal court's jurisdiction arises under 28 U.S.C. §§ 1331 or 1332, Plaintiff must satisfy the forum state's requirements for personal jurisdiction. *See Thomas W. Petrarca Corp. v. Writers Guild of Am. W. Inc.*, No. 4:08CV1337, 2008 WL 5725659, at *2 (N.D. Ohio July 30, 2008) (citing *Theunissen,* 935 F.2d at 1459 (diversity); *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (federal question)). Because Ohio's long-arm statute is not coterminous with federal constitutional limits, Plaintiff must also show that the court's exercise of jurisdiction over the Defendant comports with due process. *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012) (citing *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide,* 545 F.3d 357, 361 (6th Cir. 2008)). "Thus, the court will find that it has personal jurisdiction over a defendant only if the plaintiff 'presents a prima facie case that: (1) jurisdiction is proper under a long-arm statute [Ohio Revised Code § 2307.382(A)(1)-(9)] or other jurisdictional rule of Ohio, the forum state; *and* (2) the Due Process Clause also allows for jurisdiction under the facts of the case.'" *Sherwin-Williams Co. v. Advanced Collision Ctr. of Mobile, Inc.*, No. 1:16 CV 2355, 2017 WL 3034383, at *2 (N.D. Ohio July 18, 2017) (emphasis added) (quoting *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012)). If either factor of this two-part analysis fails, the court cannot exercise personal jurisdiction over Defendant.

In order to satisfy the due process component, Plaintiff must show that Defendant has sufficient minimum contacts with Ohio so that the court's exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted); *Opportunity Fund, LLC,* 912 F. Supp. 2d at 537–38 (To make out a *prima facie* case for the court's exercise of personal jurisdiction over a defendant, a plaintiff must establish "with reasonable particularity sufficient contacts between [defendant] and the forum state

to support jurisdiction." (some internal quotation marks omitted)) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002) (further citation omitted)).

Sufficient "minimum contacts" that satisfy the due process requirement may be general or specific. General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic" and render the defendant amenable to any lawsuit brought against it in the state. *Bird*, 289 F.3d at 873. Specific jurisdiction over a defendant is permissible only if a three-part test is met:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.* 401 F.2d 374, 381 (6th Cir. 1968)).

### B. Analysis

Plaintiff alleges that "Defendant is a ubiquitous publicly held corporation who does business and claims to have billions of users and clients in every US state as well as nations throughout the developed world, and thus Defendant is subject to the jurisdiction of every nation and state, including the State of Ohio and the United States, where Defendant does business." (Compl. at 2.) Plaintiff also contends that Facebook users are "assets" of Facebook, and there are millions of such "assets" in Ohio (*id*. at 11).

In moving for dismissal pursuant to Rule 12(b)(2), Defendant argues the Complaint does not contain allegations that establish Facebook has sufficient minimum contacts with the State of Ohio

such that Facebook should reasonably anticipate being haled into court in Ohio. Defendant maintains that Plaintiff has failed to adequately allege general jurisdiction because Facebook is incorporated in Delaware with its principal place of business in California, and Facebook's affiliation with Ohio are not so continuos and systematic as to render Defendant "at home" in the State of Ohio. (Mot. Dismiss at 3-4, citing among authority *Daimler AG v. Bauman*, 134 S. Ct. 746, 762 n.20 (2014) ("A corporation that operates in many places can scarcely be deemed to be at home in all of them.").) Defendant further argues that Plaintiff has not adequately alleged specific jurisdiction because he has not shown that Defendant's suit-related conduct creates a substantial connection to Ohio or satisfies the three-part test of *Southern Machine*. (*Id*. at 4, citing *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).)

In opposition, Plaintiff does not dispute Defendant's assertion that it is incorporated in Delaware and has its principal place of business in California. *See also Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1243 n.4 (W.D. Wash. 2016) (taking judicial notice of Facebook's SEC filings to establish that Facebook is a Delaware corporation with its principal place of business in California). Rather, Plaintiff argues that the millions Facebook users in Ohio generate significant revenues for Defendant and, therefore, Defendant has purposefully availed itself of the privilege of acting in Ohio. Plaintiff further contends that by deleting content from his Facebook account, Plaintiff's claims that Defendant is censuring his speech and stealing his writings arise from Defendant's activities in Ohio (Opp'n Mot. Dismiss at 5-6). In addition, Plaintiff maintains that the advertising directed to Ohio Facebook users is analogous to mailing advertisements to Ohio users, and is a sufficient minimum contact to satisfy the due process and support personal jurisdiction (*id*. at 7).

Plaintiff's arguments are unavailing. A nonresident corporation's maintenance of a "website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction." *Bird*, 289 F.3d at 874 (citing *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419–20 (9th Cir. 1997)). In *Bird*, the fact that 4,600 Ohio residents registered domain names on a website that was accessible to anyone did not justify general jurisdiction in the absence of an allegation that the corporation had an office in Ohio, was licensed to do business in Ohio, had an Ohio bank account, or directed business operations from Ohio. *Bird*, 289 F.3d at 873-74 ("The ability of viewers to register domain names on the website does not alter our conclusion, because the website, in this respect, simply enables [defendant] to do business with Ohio residents, a fact that does not permit general jurisdiction.") (citing *Bancroft & Masters, Inc. v. Augusta Natl. Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (explaining that "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders")).

In *Dennis v. Zuckerberg* (cited by Defendant in support of its Rule 12(b)(2) motion), plaintiff alleged that: (1) Facebook purposely transacts business in every state in the United States and has a continuous and systematic presence in Ohio based upon the millions of Facebook users in Ohio and, (2) while conducting that business, Facebook violated the Trade Secrets Act in the State of Ohio as to an Ohio resident. *Dennis v. Zuckerberg*, 4:17CV0670, 2017 WL 3873761, at *2 (N.D. Ohio Sept. 5, 2017). Citing *Bird*, the court in *Dennis* ruled that plaintiff's allegations regarding Facebook's contacts with Ohio were insufficient to establish general jurisdiction. *Id*. In this case, Plaintiff similarly alleges that Facebook reaches every state and has millions of users in Ohio, but does not allege that Defendant has any traditional indicia of conducting business in the State of Ohio that are sufficient to support general jurisdiction. Here, as in *Dennis*, Facebook's ubiquitous

presence and numerous Ohio users, alone, do not constitute sufficient contacts with the State of Ohio to support the court's exercise of general jurisdiction. See also *Ralls*, 221 F. Supp. 3d at 1244 ("The court further notes that personal jurisdiction over Facebook may not exist simply because a user avails himself of Facebook's services in a state other than the states in which Facebook is incorporated and has its principal place of business.") (citation omitted).

In opposing Defendant's motion, Plaintiff cites no authority to the contrary. Plaintiff has not carried his burden to establish this court's general jurisdiction over Defendant.

Nor does Plaintiff allege specific suit-related conduct with reasonable particularity that supports an exercise of specific jurisdiction over Defendant. Plaintiff argues (but has not pleaded) that Defendant sells advertising services and those services direct certain (local) advertising to Ohio users, but that argument is insufficient to establish specific jurisdiction even if it were alleged in the Complaint. (*See* Opp'n Mot. Dismiss at 7-8.) Plaintiff's claim is that by deleting content from his Facebook account, Defendant stole his property and violated his constitutional rights. Those claims are unrelated to and do not arise from Defendant's claimed sale of targeted marketing to Ohio residents and, therefore, do not support the court's exercise of specific jurisdiction over Defendant. *See Means*, 836 F.3d at 649. Plaintiff's broad allegation that Defendant deleted content posted by a Facebook user who happens to reside in Ohio also fails to establish with reasonable particularity any specific conduct (or deleted content) by Defendant that would support an exercise of specific jurisdiction in Ohio. *See Dennis*, 2017 WL 3873761, at *2 (the complaint does not establish specific facts such as specific conduct by defendant or specific trade secrets that would support an exercise of specific jurisdiction in this trade secret case).

For all of these reasons, Plaintiff has failed to carry his burden to establish that this court has general or specific jurisdiction over Defendant, and the due process component of personal jurisdiction over Defendant in Ohio is not satisfied. The court, therefore, need not determine whether Defendant is subject to jurisdiction under Ohio's long-arm statute. Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is granted.

Because the court lacks personal jurisdiction over Defendant, the court need not address Defendant's Rule 12(b)(6) motion, or Plaintiff's request that the court declare that 47 U.S.C. § 230 is unconstitutional on the grounds that judicial enforcement of that law by dismissing a First Amendment suit against Facebook for deleting user posts violates the First Amendment's prohibition against laws restricting freedom of speech, press, and religion (*see* Compl. at 22).

### C. Plaintiff's Motions for Final Judgment and to Amend the Complaint

Because the Court has determined that it lacks jurisdiction over Defendant, Plaintiff's motion for Final Judgement in his favor (ECF No. 10) is denied.

With respect to Plaintiff's motions to amend his complaint pursuant to Federal Rule of Civil Procedure 15, even where Rule 15 requires leave of court in order to amend a pleading, leave is generally freely given when justice so requires. Federal Rule of Civil Procedure 15(a)(2). A motion for leave to amend, however, may be denied on futility grounds if the amended complaint could not withstand a motion to dismiss. *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 249 (6th Cir. 1986)).

Plaintiff did not attach proposed amended complaints to his motions. But based upon the content of the motions, Plaintiff's proposed amendments relate to the merits of his claims against

Defendant–not to the issue of personal jurisdiction–and allowing Plaintiff to amend the complaint would be futile.

Accordingly, Plaintiff's motions to amend (ECF Nos. 12 and 13) are denied on the grounds of futility because the amended Complaint would not survive Defendant's motion to dismiss for lack of personal jurisdiction. *Lewis v. Loftin*, No. 16-2726-DKV, 2017 WL 5505341, at *7 (W.D. Tenn. Mar. 15, 2017) ("The court finds that allowing the Plaintiffs to amend their complaint would be futile because the amended complaint would not survive a motion to dismiss for lack of personal jurisdiction."); *see also Stenger v. Marriot Int'l Corp. Headquarters*, No. 1:15-CV-30, 2016 WL 223681, at *2 (S.D. Ohio Jan. 19, 2016) ("Marriott argues that the proposed amendments would be futile because the Court lacks personal jurisdiction over Springhill such that Plaintiffs could not survive a motion to dismiss. For the reasons set forth below, the Court agrees that the proposed amendments would be futile and therefore denies Plaintiffs' motion to amend to substitute Springhill as a defendant.").

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss is granted. Plaintiff's Motions for Final Judgment and to Amend the Complaint are denied. This case is dismissed and closed.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 15, 2018